## J. POYE v. THE STATE.

### No. 5731.  Decided October 13, 1920.

### Decided April 20, 1921.

**1.—Industrial Welfare Commission—Employer and Employe—Constitutional Law—Police Regulations.**

Section IX, Chapter 160, Acts of the Regular Session of the Thirty-Sixth Legislature, is constitutional and not violative of the Fifth and Fourteenth, amendments of the Constitution of the United States, and not in contravention of the provisions of Article I, of the Federal Constitution; nor of Section 19, Article I, of the State Constitution.

**2.—Same—Repeal of Law—Saving Clause—Practice on Appeal.**

Where, pending appeal, a motion for rehearing was filed, and the act under which the appellant had been convicted was repealed by the Legislature

without a saving clause, and no other penalties substituted, the cause must be dismissed.

Appeal from the County Court at Law No. One, of Harris. Tried below before the Honorable George Sears.

Appeal from a conviction of a violation of Section IX, Chapter, 160, Acts of the Thirty-Sixth Legislature, for discharging a certain employee, etc.; penalty, a fine of $100.

The opinion states the case.

*Heldingsfelders,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, and *E. T. Branch,* District Atorney, for the State.—On the Constitutionality of the law:— Claunch v. State, 82 Texas Crim. Rep., 356; Stockwell v. State, 203 S. W. Rep., Rep., 112; McNamara v. Clark, 79 Texas Crim. Rep., 559; Ry. Co. v. Bland, 181 S. W. Rep., 506.

LATTIMORE, JUDGE.—Appellant was charged by complaint and information, in the County Court at Law of Harris County, with having discharged from his employment one Bessie Lee, because she had testified before the Industrial Welfare Commission regarding the terms and conditions of her employment; it being provided by Section 9 of Chapter 160, Act of the Regular Session of the Thirty-sixth Legislature as follows:

"Sec. 9. Any employer who discharges, or threatens to discharge, or in any other manner discriminates against any employee because such employee has testified or is about to testify, or because such employer believes that said employee may testify in any investigation or proceeding relative to the enforcement of this Act, shall be deemed guilty of a misdemeanor, and shall, upon conviction be punished by a fine of not less than ten ($10) Dollars nor more than one hundred ($100) Dollars, or by imprisonment in the county jail of not more than thirty days, or by both such fine and imprisonment."

A conviction was had upon the trial, and appellant's punishment was fixed at a fine of $100.

It appears that when the case was called for trial, appellant presented his motion to quash the complaint, setting up therein that the law under which the prosecution was had was unconstitutional, in that it was violative of the Fifth Amendment of the Constitution of the United States, which provides that no person shall be deprived of life, liberty, or property without due process of law; also, that said law was repugnant to the fourteenth Amendment of our Federal Constitution, which provides that no State shall make and enforce any law which shall abridge the privileges and immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law: that also said law was in contra-

vention of the provisions of Article 1 of the Federal Constitution, which forbids any State to pass any bill of attainder, or *ex post facto* law, or law impairing the obligation of contract. Also that said law was contrary to Section 19, Article 1, of our State Constitution, which is substantially the same as the provision of the Federal Constitution, as above set forth.

To the trial court's action in overruling this motion, appellant reserved his exception, and the matter is here presented as error.

In appellant's brief there appears neither citation of authorities to support any of the above contentions, nor argument to enlighten or convince this Court of the soundness of the same.

No claim is or can be made, that this law which we have quoted, is *ex post facto* or retroactive, nor can we see anything which denies or refuses due process of law. The only remaining ground of contention would be that in some way the said law impairs some obligation of contract. It must be borne in mind that every contract entered into between our citizens includes as a necessary part thereof, the written law of the land; and that such contracts are viewed and construed as embodying not only the expressed will of the parties, but also the provisions of such laws. It must be concluded, therefore, that when appellant employed Bessie Lee, he knew that she might be called to testify before the said Welfare Commission, and that in such event the law had written into their contract that he had no right to discharge her for giving such testimony. This then, being a part of the contract of employment, no ground appears for holding that a law punishing appellant for his violation of this part of said contract by discharging her, impairs or changes the obligation of such contract.

We have no doubt that the passage of such laws for the welfare, and betterment of the conditions of workingmen, women of children, is matter well within the province of the Legislature; and there seems to us to be nothing of difference except degree, in the exercise of such power by direct legislation for such purpose, and the exercise thereof in the creation of agencies which shall investigate, aid and assist in the accomplishment of such purpose. Eight hour laws have been upheld. Pure food laws have been upheld. Child labor laws have been upheld, and many others which affect the character of contract which parties may make, but such laws do not impair the obligation of contracts.

We are unable to agree with any of these contentions, of appellant.

It is further insisted that the evidence does not support the judgment. We have carefully examined the record, and note that appellant's contention was that he did not discharge Bessie Lee at all, but that she quit of her own accord, while she testified that he discharged her for appearing and testifying before the Commission. No written charge appears to have been given the jury, and no complaint is made of the charge given; and we necessarily infer that the law was correctly put before said jury. The decision of the jury against the contention of

appellant would not be reviewed by us except in the absence of evidence to support it.

Finding no error, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

April 20, 1921.

LATTIMORE, JUDGE.—This case was affirmed by us at a former day and motion for rehearing was filed by the appellant, and the case is now before us upon that motion. Pending its decision the law under which this prosecution was had was repealed by the terms of Senate Bill 41, passed at the Regular Session of the Thirty-seventh Legislature, becoming effective on March 30, 1921. The said act contains no saving clause, but has for its purpose and effect the entire repeal of the law creating the Industrial Welfare Commission. In obedience to the command of Article 16 of our Penal Code, which in effect exempts from punishment all persons who have been prosecuted for violating the terms of a law, which law has been repealed, provided the cases against such offenders are pending at the time of the repeal of such law, and if the repealing statute substitutes no other penalty, it will be our duty to grant appellant's motion for a rehearing, and to reverse and dismiss this cause, and it is so ordered. There were questions in the mind of the court as to the validity of the law in question, which are not discussed in view of the repeal of the law.

*Reversed and dismissed.*